■ CITY OF BUFFALO, Respondent, v. JOSEPHINE MANGUSO, Also Known as JOSEPHINE MANCUSO, Appellant.— Judgment unanimously reversed on the law and facts, with costs to appellant, and a new trial granted. Memorandum: The trial court found that the proof of plaintiff's affirmative value-depressing

acts was adequate to require valuation of appellant's property as it would have been at the time of the *de jure* taking (Aug. 19, 1970) but for the debilitating threat of condemnation and as such value would have existed absent the depressing effects of condemnation blight (see *City of Buffalo* v. *Irish Paper Co.,* 31 A D 2d 470, affd. 26 N Y 2d 869). The trial court held, however, that appellant could not be compensated for her two double houses which were demolished by plaintiff at her request in January, 1969 at a cost charged to the properties of $3,736, because no compensation could be allowed for the houses since they were not on the land on the appropriation date, even though the impact of condemnation blight may have substantially contributed to appellant's action in requesting that the houses be demolished. The trial court also found that the condemnation of immediately adjacent tracts, the unrealistic demands for code enforcement, and shifts in policy between rehabilitation and condemnation all created a decrease in the value of appellant's property. Before the city entered upon its Community Renewal Program in 1965 appellant was the fee owner of two unencumbered rented double houses having a 55% equalization rate assessment of $6,320. The judgment not only deprives her of the properties without payment of any compensation for it but she is still indebted for over $2,000 on city taxes and demolition liens. We find that the demolition of appellant's houses resulted directly from the condemnation blight which rendered the houses worthless. The judgment fails to satisfy the constitutional requirement that just compensation be paid for the taking of appellant's property (N. Y. Const., art. I, § 7). Absent special circumstances, the value of property appropriated shall be determined as of the date of taking. This rule is relaxed, however, where circumstances require it. In *Wilmot* v. *State of New York* (32 N Y 2d 164), the claimant was the owner of a 49-acre tract which had a value of $24,000 per acre for the development of a regional shopping center. Prior to the appropriation date the claimant sold 24 acres, leaving it owning only 25 acres at the time of the appropriation. The Court of Claims found that the property had a value before the taking of $24,000 per acre based upon the value of the entire 49 acres previously owned by the claimant, although there was no proof that the 25 acres owned by the claimant on the appropriation date would be sufficient for development of a regional shopping center or that it had a value of $24,000 per acre. In holding that the Court of Claims properly computed the claimant's compensation as of the date of the appropriation the Court of Appeals said (p. 169). "'The constitutional requirement of just compensation requires that the property owner be indemnified so that he may be put in the same relative position, insofar as this is possible, as if the taking had not occurred'". To satisfy the constitutional requirement of just compensation in the case at bar the valuation of appellant's property should be based on its condition with the houses on it (one being then fire damaged) prior to the time that appropriation blight depressed the value of it. (Appeal from judgment of Erie Trial Term, in condemnation action.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.